UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BARRETT BATES et al., | ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 3:10-cv-00407-RCJ-VPC |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This is a qui tam action brought by Plaintiff Barrett Bates on behalf of seventeen nominal Plaintiffs (all seventeen of Nevada's counties) pursuant to Nevada's False Claims Act, Chapter 357 of the Nevada Revised Statutes ("NRS"). Before the Court is Plaintiffs' Motion to Remand (ECF No. 15). For the reasons given herein, the Court denies the motion and orders Plaintiffs to show cause why the action should not be dismissed for failure to state a claim.

## I. FACTS AND PROCEDURAL HISTORY

In the Third Amended Complaint ("TAC"), which was filed in state court before removal, Plaintiffs allege Defendants made false claims by failing to record the assignments of interests in mortgages, thus avoiding county recording fees. Defendants removed based on diversity of citizenship, and Plaintiffs have moved to remand for lack of subject matter jurisdiction.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen*, 511 U.S. at 377. Federal Rule of Civil Procedure 12(b)(1) provides an affirmative defense for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Additionally, a court may raise the question of subject matter jurisdiction sua sponte at any time during an action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). Regardless of who raises the issue, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

A district court's jurisdiction extends to cases removed from state court under particular circumstances. 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In cases removed from state court, a federal court later finding a lack of subject matter jurisdiction does not dismiss, but must remand to state court. 28 U.S.C. § 1447(c).

A defect in removal exists where jurisdiction is predicated purely on diversity and one or more defendants is a citizen of the forum state. *See* § 1441(b). This is the "forum defendant" rule. However, the citizenship of a defendant who has been fraudulently joined is discounted. *Ritchie v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Where fraudulent joinder is

1  alleged, a court does not take the allegations of citizenship in the complaint as true but permits
2  the defendant seeking removal to present facts showing fraudulent joinder. *See id.* "Joinder is
3  fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the
4  failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris USA*, 582
5  F.3d 1039, 1043 (9th Cir. 2009) (citations and internal quotation marks omitted) (alteration in
6  original).

## III. ANALYSIS

Plaintiffs are citizens of Nevada. Of the Defendants, only the Cooper Castle Law Firm ("Cooper") and Stanley S. Silva are Nevada residents. Defendants argue that their citizenship should be disregarded for the purposes of diversity because they are fraudulently joined. Cooper and Silva are fraudulently joined if it is obvious no claim is sufficiently pled against them under Nevada law. Cooper is alleged to be "an example of the type of foreclosing entity used by the other defendants when foreclosing . . . [which] fails to record documents regarding . . . transfers." (Third Am. Compl. ¶ 11, June 14, 2010, ECF No. 1-1, at 49). Silva is alleged to be "an agent that signs for various foreclosing entities . . . and records and fails to record certain documents pursuant to foreclosure." (*Id.* ¶ 12). Plaintiffs allege that under Chapter 357, Defendants are liable for many false claims made throughout the last ten years. A single type of false claim is alleged: that Defendants falsely identified Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as a "beneficiary," "nominee," and/or "legal title [holder]" in deeds of trust, when this was not in fact true. (*See id.* ¶ 18). This allegation is the keystone to the entire action. Plaintiffs allege that this type of false statement deprived the State of recording fees, because MERS transfers the beneficial interests in mortgages without recording each transfer and paying the accompanying recording fees. (*Id.* ¶ 33).

These claims fail against all Defendants, not only against Cooper and Silva. The Court therefore not only denies the motion to remand, but orders Plaintiffs to show cause why the

entire action should not be dismissed. The False Claims Act defines "claim" as:

> *a request or demand for money, property or services* made to:
>
> 1. An officer, employee or agent of this state or of a political subdivision of this state; or
>
> 2. A contractor, grantee or other recipient of money from the State or a political subdivision of this state if any part of the money, property or services requested or demanded was provided by the State or political subdivision.

Nev. Rev. Stat. § 357.020 (emphasis added). The Nevada Supreme Court has not interpreted this section, but it seems clear no action lies under this section of the NRS under the present circumstances because Plaintiffs nowhere allege that any Defendant made any demand for money, property, or services to any state employee. The California courts, for example, have held that a "claim," which is defined under California's False Claims Act in substantially the same way as it is defined under Nevada's, *see* Cal. Gov't Code § 12650(b)(1), must be a request or demand for money; report of information is not enough. *See Fassberg Constr. Co. v. Hous. Auth. of City of L.A.*, 60 Cal. Rptr. 3d 375, 392 (Ct. App. 2007). The Supreme Court has held likewise as to the federal False Claims Act. *See United States v. McNinch*, 356 U.S. 595, 599–600 & n.10 (1958). That Act defines "claim" similarly to the Nevada and California acts, requiring a "request or demand" for "money or property." *See* 31 U.S.C. § 3729(b)(2)(A).

The federal Act also recognizes a "reverse" false claim when a defendant "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government," *see id.* at § 3729(a)(1)(G), and NRS section 357.040(1)(g) contains similar language.

But section 357.040(1)(g) requires that a defendant knowingly conceal, avoid, or decrease an "*obligation* to pay or transmit money or property" through use of a false record, *see* Nev. Rev. Stat. § 357.040(1)(g) (emphasis added), and as the Court has ruled in previous cases,

1 in Nevada—as in most if not all states under the modern American recording system—there is
2 simply no requirement to record the assignment of a mortgage, and so no reverse false claim can
3 lie for failure to do so. *See generally DaSilva v. Wells Fargo Bank*, No. 3:10-cv-00381-RCJ-
4 VPC, 2010 WL 4258528 (D. Nev. Oct. 20, 2010). Recordation of an interest in land simply
5 serves to perfect one's interest in real property by putting the world at large on constructive
6 notice of the claimed interest; but recordation is not required to validate one's interest. *See id.*
7 Every law student studying for the bar exam understands this better than he cares to. Plaintiffs
8 cite no statute requiring the recordation of assignments of promissory notes or deeds of trust in
9 Nevada. This gaping hole in the Complaint is not surprising, because even a cursory
10 examination of the real property code reveals a provision that clearly establishes the traditional
11 American recording system in Nevada, permitting but not requiring recordation ("may be
12 recorded"), and providing that any recordation "shall operate as constructive notice of the
13 contents thereof to all persons." Nev. Rev. Stat. § 106.210(1); *see* 11 David A. Thomas,
14 *Thompson on Real Property* § 92 (2d Thomas ed., The Michie Co. 1994).[1]

15 If Defendants do not wish to record assignments of loans or deeds of trust, they need not
16 do so. A party may choose to avoid the filing fee and hassle of recording an assignment if it
17 would rather bear the risk that its interest in the property will not be protected from a potential
18 subsequent bona fide purchaser under the applicable recording statute. It is therefore not only
19 implausible, but in fact impossible that any falsehoods in deeds of trust as to the role of MERS
20 (no matter the mens rea of the Defendant) can have caused any Defendant to avoid paying fees
21 that otherwise would have been due to the counties had the alleged falsehood not been made.
22 Not only are no plausible claims pled against the non-diverse Defendants, no plausible (or even
23 possible) claims are pled against any Defendant under the False Claims Act, and this action

---

[1] One of the "five basic characteristics" of the American recording system is that "instruments are operative without recordation." 11 Thomas, *supra*, § 92.02, at 93. Generally, recordation is neither required nor a prerequisite to validity of a transfer. *Id.* § 92.04(a), at 99.

1 appears to be legally frivolous.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs shall show cause why the action should not be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated this 30th day of March, 2011.

_____
ROBERT C. JONES
United States District Judge